Margie L. REID, Complainant
and Respondent,

v.

STATE EMPLOYMENT SERVICES,
Respondent,

and concerning

South Dakota Division of Human
Rights, Appellant.

No. 12074.

Supreme Court of South Dakota.

Submitted Nov. 29, 1976.

Decided Dec. 22, 1976.

Autine Hansen, of Black Hills Legal Services, Inc., Rapid City, for complainant and respondent.

Brent A. Wilbur, Asst. Atty. Gen., Pierre, for appellant; William J. Janklow, Atty. Gen., Pierre, on brief.

DUNN, Chief Justice.

On June 26, 1975, the South Dakota Division of Human Rights received a letter from complainant alleging that the South Dakota State Employment Services had on numerous occasions racially discriminated against her. Two employees of the Division investigated and determined that no probable cause existed to support the allegations of the complaint. Their decision was submitted in a seven-page report. No hearing was held concerning the decision. Complainant appealed to the Seventh Judicial Circuit Court.

The director of the Division notified the court that she would not furnish the Division's file because she was barred from doing so by SDCL 20–13–33 which states:

"The members of the commission (which is 'administered under the direction and supervision of the division,' SDCL 20–13–2.1) and its agents shall not disclose the filing of a complaint, the information gathered during the investigation, or the endeavors to eliminate such discriminatory or unfair practice by conference or conciliation, unless such disclosure is made in connection with the conduct of such investigation."

Following complainant's obtaining an order requiring the Division to show cause why the materials should not be filed, and the submission of briefs, the court entered an order requiring the materials be certified. The Division petitioned for and was granted an intermediate appeal of that order. We affirm the order.

The Division contends that there is a conflict between the contents of the record in a contested case.* SDCL 1–26–21, and the confidentiality requirement for the Division's information, SDCL 20–13–33. SDCL 1–26–21 provides in part:

"The record in a contested case shall include:

\*　　\*　　\*　　\*　　\*　　\*

(7) All staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case."

The confidentiality statute, it is argued, must prevail because of its plain wording and because of the public policy recognized in enacting that law.

"For the Commission to fully investigate each complaint and obtain ready cooperation, it is essential that those who communicate with the investigators be insured that what they state will be kept confidential. Without. such a guarantee of confidentiality, it is probable that many would refuse to cooperate and many others would be less than frank in their statements. It is significant that at this stage of the proceedings, the Commission's investigators cannot compel cooperation and must, to a large extent, rely upon assurances that statements will be confidential." Petition for Intermediate Appeal.

■■■ While we acknowledge the Division's legitimate desire to maintain the confidentiality of the information it gathers, we hold that complainant's right to a judicial review of the Division's determination is superior. We do not find SDCL 20–13–33 and SDCL 1–26–21(7) to be in irreconcilable conflict. The Division's determination that no probable cause existed to support the allegations of the complaint was an order dismissing the complaint. 1974 ARSD 20:03:04:02. This order finally determined complainant's rights and entitled her to judicial review of the determination. SDCL 20–13–47. By the terms of SDCL 20–13–46, which provides that "[a]ll rules of practice under formal and informal procedures herein provided \* \* \* shall be in accordance with SDCL 1–26," we equate the right of review of the Division's order with that provided a contested case under SDCL 1–26.

Review of a contested case requires transmittal to the court of the "entire record of the proceeding under review," SDCL 1–26–33, including the materials in question here. SDCL 1–26–21(7). Although the Division's investigators submitted their findings in their report, the court must have the entire record in order to make a meaningful review. It could not, for example, determine whether the Division's decision was "[u]nsupported by substantial evidence on the whole record" or "characterized by abuse of discretion." SDCL 1–26–36(5) and (6). The court's inability to make such an inquiry would make its review "little more than a formality." *D.C. Federation of Civic Associations v. Volpe,* 1971, 148 U.S.App.D.C. 207, 459 F.2d 1231, 1237; *Appalachian Power Co. v. Environmental Protection Agency,* 1973, 4 Cir.,

---

* Which shall be transmitted to the Circuit Court on appeal. SDCL 1–26–33.

477 F.2d 495; *Schicke v. Romney,* 1973, 2 Cir., 474 F.2d 309. We do not believe this was our legislature's intent. The order of the trial court requiring certification of the materials upon which the Division based its decision is affirmed.

All the Justices concur.